**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-85-DLB-EBA**

**JAMES "JR" KINSTER, et al.** **PLAINTIFFS**

**v.** **MEMORANDUM OPINION AND ORDER**

**STATE AUTO PROPERTY &**
**CASUALTY INSURANCE COMPANY, et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Defendants' Motion to Dismiss Complaint for Failure to State a Claim (Doc. # 4). Plaintiffs have responded to the motion (Doc. # 7) and Defendants have filed a reply (Doc. # 8). Therefore, the motion is ripe for review. For the reasons set forth herein, the Court will **grant** Defendants' motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a fire on May 17, 2023, which is alleged to have caused damage to Plaintiffs' place of business, its contents, and, ultimately, its earnings. At the time of the fire, the business was subject to a policy of insurance issued by State Auto Property & Casualty Insurance Company ("State Auto"), Policy Number BOP 2565366.[1] (Doc. # 4-1). The policy contains the following limitations clause:

> E. Property Loss Conditions … 4. Legal Action Against Us. No one may bring a legal action against us under this insurance unless:

[1] Although named as Defendants, there are no claims alleged separately or individually against State Auto Insurance Company or Liberty Mutual Insurance Company. According to State Auto, "State Auto Insurance Company "is merely a trade name and not a legal entity which is subject to suit. State Auto further states that Liberty Mutual is not a real party in interest having not issued the subject policy.

> a. There has been full compliance with all of the terms of this insurance; and
>
> b. **The action is brought within 2 years after the date on which the direct physical loss or damage occurred.**

*Id.* (emphasis added).

On August 5, 2025, Plaintiffs commenced this civil action against State Auto in Elliott Circuit Court, seeking compensatory damages as well as attorney's fees and costs. (Doc. # 1-1). In their Complaint, they allege that "on or about the 17th day of May 2023, [they] suffered a loss at their place of business when a fire broke out and destroyed their business and the building in which their business was located." *Id*. at ¶ 3. Plaintiffs allege that Defendants "failed and refused to pay Plaintiffs for the items of damages" resulting from the fire. *Id.* at ¶ 8.

State Auto filed a timely Notice of Removal matter pursuant to 28 U.S.C. § 1441 and 1446 based upon diversity of citizenship as set forth in 28 U.S.C. § 1332. (Doc. # 1). State Auto now seeks dismissal of all claims alleged herein, arguing that Plaintiffs claims are barred by the subject policy's 2-year limitations clause.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has "'state[d] a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint does not have to show that liability is probable, but the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (*quoting Twombly*, 550 U.S. at 557).

If a reasonable court "can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.* 684 F.3d 605, 610 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678). In adjudicating a motion to dismiss, a court should accept the plaintiff's allegations as true and then determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. In short, a claim cannot survive a motion to dismiss if the plaintiff has not pled sufficiently plausible facts to support a "viable legal theory" with respect to all material elements of each claim. *Eidson v. State of Tenn. Dept. of Children's Servs*., 510 F.3d 631, 634 (6th Cir. 2007). Pertinent here, dismissal under Rule 12(b)(6) is appropriate where the allegations in the complaint affirmatively show that the claim is time-barred. *Gibson v. American Bankers Ins. Co.*, 91 F.Supp.2d 1037, 1040–41 (E.D.Ky.2000).

Additionally, federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co*., 33 F.3d 727, 730 (6th Cir. 1994)). Therefore, Kentucky substantive law will apply to Plaintiffs' claims. That said, federal pleading standards still control. *See Lee v. Vand. Univ.*, No. 22-5607, 2023 WL 4188341, at *3 (6th Cir. June 22, 2023) (citing *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010)); *see also Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 771-72 (E.D. Ky. 2017).

## III. ANALYSIS

State Auto contends that dismissal is warranted as Plaintiffs did not bring this action within two years as required by the subject policy. Indeed, Plaintiffs allege claims based on a May 17, 2023, fire loss but did not file their Complaint until August 5, 2025.

As such, Plaintiffs did not bring the lawsuit "within 2 years after the date on which the direct physical loss or damage occurred" as required under the State Auto Policy and this lawsuit is, thus, time barred.

Plaintiffs insist that their action was timely filed because it "was actually loaded into the system on May 16 [2025]." (Doc. # 7, pg. 1). Without further argument or any reference to applicable case law, Plaintiffs conclude that State Auto's motion lacks merit. *Id.* at pg. 2.

According to Plaintiff's counsel's Affidavit, he gave the Complaint to an associate for electronic filing on May 16, 2025, who converted it to PDF and e-filed with the Elliott Circuit Clerk. (Doc. # 7-1, ¶ b and d.). There is no such sworn statement from the associate. However, according to the state court record, summons was not issued until August 5, 2025.

Simply "loading" a pleading "into the system" is not sufficient to commence a civil action. Kentucky law clearly and repeatedly provides that "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." KRS 413.250. Similarly, Kentucky Rule of Civil Procedure ("CR") 3.01 provides: "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Moreover, under Kentucky law "the statute of limitations runs until a summons is actually issued." *Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740, 745 (E.D. Ky. 2011) (quoting *Steadman v. Gentry*, 314 S.W.3d 760, 762 (Ky. Ct. App. 2010).

E-filing has not eroded this well-established principle. Although Plaintiff suggests that perhaps a glitch occurred, technical difficulties associated with e-filing do not trump

jurisdictional deadlines. Ky. Admin. Rules of Prac. & Proc. Elec. Filing ("Ky. eFiling Rules") § 19(1) (as amended by Order 2025-02). As State Auto points out, the Kentucky Court of Appeals has spoken in this regard in *Cooper v. St. Elizabeth Med. Ctr.,* No. 2022-CA-1263-MR, 2023 WL 6165324 (Ky. Ct. App. Sept. 22, 2023) (unpublished). In *Cooper,* plaintiffs e-filed their complaint within the limitations period but did not tender the filing fee until after. As such, the Circuit Court found the complaint was not timely filed. Affirming, the Kentucky Court of Appeals noted:

> To the extent that Coopers are arguing that a malfunction of the electronic filing system thwarted their attempt to pay the filing fee in a timely manner and they offer no evidence to that effect – any such argument is not legally cognizable. Statutes of limitation implicate particular-case jurisdiction. *See Nordike v. Nordike,* 231 S.W.3d 733, 738 (Ky. 2007). Our Supreme Court's e-filing rules in effect when the Coopers initiated their suit clearly provided that technical system failures did not excuse a failure to meet a jurisdictional deadline and placed the onus upon the e-filers (i.e. the Coopers) to ensure the timely filing of any document.

*Id.* at p. 2.

The same logic applies here. To the extent that Plaintiffs suggest that their Complaint, e-filed on the eve of the expiration of the limitations period, was not fully processed due to an unspecified technical error, it does not excuse them from complying with jurisdictional deadlines. Further, the state record shows that the Clerk received the filing fee and issued summons on August 25, 2025, almost three months after the e-filing, which begs the question of when the fee was submitted. (Doc. # 1-1, pg. 11).

Plaintiffs do not dispute their date of loss being May 16, 2025. Nor do they dispute the applicability of the governing policy's 2-year limitation provision. The record clearly establishes that Plaintiff did not commence this civil action until August 5, 2025, well

outside the 2-year limitation. As such, their action is time-barred and dismissal is warranted.

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Complaint for Failure to State a Claim (Doc. # 4) is **GRANTED**, and this matter is **DISMISSED** and **STRICKEN** from the docket of this Court. A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 14th day of September 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2025\25-85 MTD.docx